UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ULY RAMON HENDERSON                    CIVIL ACTION

VERSUS                                 NUMBER: 19-14276

MONICA ODOM                            SECTION: "B"(5)

## REPORT AND RECOMMENDATION

Using the standardized form that is provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, *pro se* Plaintiff, Uly Ramon Henderson, filed the above-captioned matter *in forma pauperis* against Defendant, Detective Monica Odom of the Terrebonne Parish Sheriff's Office.  (Rec. docs. 1, 3).

Plaintiff is an inmate of the Terrebonne Parish Criminal Justice Complex since his arrest on a sex-related charge on January 25, 2019.  In his complaint, Plaintiff complains of alleged irregularities and improprieties on the part of Detective Odom in investigating the incident for which he was arrested and incarcerated.  (Rec. doc. 1, pp. 5-6).  Plaintiff seeks an unspecified amount of monetary damages.  (*Id.* at p. 7).

Initially, the Court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state-court conviction or confinement.  When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983.  *Caldwell v. Line*, 676 F.2d 494 (5th Cir. 1982); *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Johnson v. Hardy*, 601 F.2d 172 (5th Cir. 1979).  Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas

proceedings. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973); *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion. *Knox v. Butler*, 884 F.2d 849, 852 n.7 (5th Cir. 1989), *cert. denied*, 494 U.S. 1088, 110 S.Ct. 1828 (1990); *Dupuy v. Butler*, 827 F.2d 699, 702 (5th Cir. 1988).

Plaintiff alleges that the investigation that was conducted by Detective Odom was legally flawed and resulted in his arrest and consequent incarceration. Such allegations clearly challenge the fact and duration of Henderson's confinement and must initially be pursued on habeas corpus grounds, but only after he has exhausted available state-court remedies with respect to them. *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986). In that regard, Plaintiff indicates on the face of his complaint, in answer to Question No. I(A) of the pre-printed §1983 complaint form, that he has not initiated any other lawsuits in state or federal court dealing with the same facts that are involved herein or otherwise relating to his imprisonment. (Rec. doc. 1, p. 1). Accordingly, insofar as the instant matter can be construed as a request for habeas corpus relief it should be dismissed without prejudice for failure to exhaust available state-court remedies. *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

The Court now turns to Plaintiff's §1983 claim regarding the legality of the investigation leading to his arrest and the continuation of the criminal prosecution against him. These claims must be analyzed with *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) in mind. In *Heck*, the Supreme Court observed that "… if a state criminal defendant

brings a federal civil-rights lawsuit during the pendency of his criminal trial, … abstention may be an appropriate response to the parallel state-court proceedings." *Heck*, 512 U.S. at 487 n. 8, 114 S.Ct. at 2373 n. 8 (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976)).

Until Plaintiff's criminal proceeding is concluded, it is difficult to determine the relation, if any, between his §1983 claim and the criminal proceeding pending against him. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). In such a situation, the Fifth Circuit has directed that "[t]he court may – indeed should – stay proceedings in the section 1983 case until the pending criminal case has run its course …" *Id.* Accordingly, it will be recommended that Plaintiff's §1983 claim be stayed, reserving him the right to move to reopen this case within sixty (60) days of the finality of his state court criminal proceeding.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that Plaintiff's §1983 claim be stayed, reserving to him the right to move to reopen this case within sixty (60) days of the finality of his state-court criminal proceeding.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that

such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1/]

New Orleans, Louisiana, this  16th  day of  December , 2019.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1/] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.